UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN PELTIER,

　　　　　Plaintiff,

　　v.

TANJA BECK,

　　　　　Defendant.

Case No. 25-cv-10160-KAW

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

Re: Dkt. No. 12

On November 24, 2025, Plaintiff Brian E. Peltier filed the instant case against Defendant Tanja Beck, alleging violations of federal fair housing protections and California tenant protections. (Compl. ¶ 3, Dkt. No. 1.) Pending before the Court is Defendant's motion to dismiss. (Def.'s Mot. to Dismiss, Dkt. No. 12.)

The Court previously deemed this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). (Dkt. No. 29.) Having considered the parties' filings and the relevant legal authorities, the Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss.

**I.　　BACKGROUND**

Plaintiff is a disabled individual and HUD Choice Housing voucher holder. (Compl. ¶ 5.) In December 2023, Plaintiff executed a lease with Defendant and moved into the Subject Property. (Compl. ¶ 10.) Plaintiff alleges that shortly thereafter, Defendant engaged in a pattern of harassment, retaliation, and intimidation. (Compl. ¶ 11.) Specifically, Defendant failed to address noise from a problematic tenant. (Compl. ¶ 12.) After Plaintiff made complaints to the Sonoma County Housing Authority ("SCHA") and Defendant, Defendant engaged in verbal harassments, threats to terminate the tenancy, and interference with Plaintiff's quiet enjoyment of the property.

(Compl. ¶ 13.)  Defendant further failed to maintain habitable conditions, allowing noise and unsanitary conditions to persist, including a malfunctioning door and unsecured entry points, mold, and broken and slippery flooring.  (Compl. ¶¶ 17, 48.)  Despite being put on notice of Plaintiff's disability, Defendant allegedly failed to make reasonable accommodations and engaged in conduct to cause Plaintiff panic attacks, humiliation, sleep disruption, and exacerbation of existing health conditions.  (Compl. ¶ 18.)  Plaintiff ultimately terminated the lease on April 1, 2024.  (Compl. ¶ 20.)

Plaintiff also alleges that Defendant made false representations to SCHA to obtain separate incentive payments despite Defendant's noncompliance with fair housing and habitability requirements.  (Compl. ¶ 14.)

On November 24, 2025, Plaintiff filed this case, bringing claims for: (1) disability discrimination; (2) retaliation, interference with housing rights, and constructive eviction; (3) conspiracy to interfere with civil rights; (4) negligence and breach of warranty of habitability; (5) harassment; (6) invasion of privacy; (7) violation of the Bane Act; (8) misappropriation of public funds; (9) intentional infliction of emotional distress; (10) negligent infliction of emotional distress; (11) punitive and exemplary damages; and (12) fraud.  On January 28, 2026, Defendant filed a motion to dismiss.  On February 9, 2026, Plaintiff filed his opposition.  (Pl.'s Opp'n, Dkt. No. 23.)  On February 18, 2026, Defendant filed her reply.  (Def.'s Reply, Dkt. No. 24.)

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted.  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### III.     DISCUSSION

**A.     Claim 1: Disability Discrimination (42 U.S.C. § 3604(f); Cal. Gov. Code § 12955)**

Based on Plaintiff's allegations, it appears he brings a failure to accommodate claim and a disparate treatment claim under the federal Fair Housing Act ("FHA"), as well as similar claims under California's Fair Employment and Housing Act ("FEHA"). (*See* Compl. ¶¶ 26, 27.)

**i.     FHA Failure to Accommodate**

To bring a failure to accommodate claim, a "plaintiff must show: 1) the existence of a covered handicap; 2) the defendant's knowledge or constructive knowledge of that handicap; 3) that an accommodation may be necessary; 4) that the accommodation is reasonable; and 5) that the defendant refused to make the necessary and reasonable accommodation upon request." *Salisbury v. City of Santa Monica*, 998 F.3d 852, 858 (9th Cir. 2021).

United States District Court
Northern District of California

United States District Court
Northern District of California

Defendant argues that the complaint is deficient because Plaintiff fails to allege facts that identify his disability, as well as when or how Defendant was told of his disability. (Def.'s Mot. to Dismiss at 6.) The Court agrees. Plaintiff's conclusory allegations that he has a covered disability and that Defendant knew of the disability are insufficient to give Defendant notice of the facts underlying his claim. *See Tukay v. United Cont'l Holdings, Inc.*, No. 14-CV-04343-JST, 2014 WL 7275310, at *4 (N.D. Cal. Dec. 22, 2014) (dismissing failure to accommodate claim for failure to identify the disability). In his opposition, Plaintiff asserts that Defendant knew of his disability from the voucher program and direct notice, but these facts are not in the complaint. (Pl.'s Opp'n at 7.) Defendant also correctly points out that Plaintiff's own exhibits to the complaint appear to contradict his assertions, as neither Exhibits B (purportedly the WhatsApp chat between the parties) nor F (Plaintiff's Housing Choice voucher) reference a disability. (*See* Def.'s Opp'n at 2; Compl., Exhs. B, F.)

The failure to plead facts identifying Plaintiff's disability and Defendant's knowledge is not a mere formality. Rather, such facts affect whether Plaintiff's request for an accommodation, *i.e.*, noise mitigation or relocation due to the noise, was necessary or reasonable.

Thus, the Court finds that Plaintiff fails to state a failure to accommodate claim.

### ii.    FHA Disparate Treatment

"To establish a case of disparate treatment based on handicap, [a p]laintiff must show that: (1) she has a handicap as defined in the statute; (2) she was treated differently in the terms, conditions, or privileges of her rental relationship or in the provision of services or facilities to her as a tenant; and (3) the different treatment was, at least in part, because of her handicap." *Johnson v. Birks Props., LLC*, No. 21-CV-01380-GPC-DEB, 2022 U.S. Dist. LEXIS 5662, at *9 (S.D. Cal. Jan. 11, 2022).

As discussed above, Plaintiff fails to adequately allege facts that identify his disability, as well as when or how Defendant was told of Plaintiff's disability. Further, Defendant argues that Plaintiff fails to allege facts connecting Defendant's conduct to Plaintiff's disability. (Def.'s Mot. to Dismiss at 6.) Plaintiff's conclusory allegations of discrimination are insufficient; rather, Plaintiff must plead facts explaining "how Defendant has discriminated against Plaintiff based on

[his] disability." *Hill St. Health Servs. LLC v. Cnty. of Los Angeles*, No. CV1602486BROAFMX, 2016 WL 9453997, at *8 (C.D. Cal. Aug. 11, 2016).

Thus, the Court finds that Plaintiff fails to state a disparate treatment claim.

### iii.    FEHA

FEHA "makes it unlawful for the owner of any housing accommodation to discriminate against any person on a disallowed basis, including disability." *Johnson*, 2022 U.S. Dist. LEXIS 5662, at *11. "California courts rely on federal housing discrimination law to interpret analogous provisions of FEHA. Therefore, violations of the Fair Housing Act will also constitute violations of the parallel provisions of FEHA." *Pack v. Fort Washington II*, 689 F. Supp. 2d 1237, 1248 (E.D. Cal. 2009). Because Plaintiff fails to adequately allege his FHA claims, Plaintiff also fails to state a FEHA claim.

### B.    Claim 2: Retaliation and Interference with Housing Rights (42 U.S.C. § 3617; Cal. Gov. Code § 12955(f)[1]; Cal. Civil Code § 1941)

Per FHA, a plaintiff must establish a retaliation claim by alleging: "(1) he engaged in a protected activity; (2) the defendant subjected him to an adverse action; and (3) a causal link exists between the protected activity and the adverse action." *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001). "In the context of a § 3617 claim, that adverse action must be in the form of 'coercion, intimidation, threats, or interference." *Id.* (quoting 42 U.S.C. § 3617). In turn, FEHA prohibits "an owner of housing accommodations to harass, evict, or otherwise discriminate against any person in the . . . rental of housing accommodations when the owner's dominant purpose is retaliation against a person who has opposed practices unlawful under this section[.]"

Here, Plaintiff asserts that he reported Defendants failure to address the noise issue to the SCHA, and that Defendant escalated her behavior, including "[i]ncreasingly hostile communications and verbal abuse," "[t]hreats of eviction or voucher termination," "[c]ontinued illegal noise harassment," and "[f]alse statements to housing officials to conceal wrongdoing." (Compl. ¶¶ 34, 35.)

---

[1] Plaintiff also cites to Cal. Civil Code § 1941, which concerns a warranty of habitability rather than retaliation. The Court addresses § 1941 with respect to Plaintiff's fourth claim.

Such conclusory allegations are insufficient. Plaintiff does not allege facts showing that his complaints were a protected activity; while he alleges that he complained about the noise issue, he does not allege that he connected this to his disability. Plaintiff also does not allege facts establishing that Defendant knew about these complaints to the SCHA. This is significant because if Defendant did not know about Plaintiff's complaints to the SCHA, her actions could not have been in retaliation for such complaints.

Thus, the Court finds that Plaintiff fails to state a retaliation claim.

### C.    Claim 3: Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985(3))

To allege a § 1985(3) claim, a plaintiff must allege an "intent to deprive of *equal* protection, or *equal* privileges and immunities, meaning that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

Plaintiff alleges that Defendant "conspired with others, including agents or representatives, to deprive Plaintiff of rights" by making false representations to the Sonoma County Housing Authority, withholding required habitability compliance, and obtaining incentive funds. (Compl. ¶¶ 40-41.) These allegations are insufficient. As Defendant points out, Plaintiff fails to identify who the alleged co-conspirators are or any facts about any alleged agreement to deprive Plaintiff of his rights. (Def.'s Mot. to Dismiss at 9.)

Thus, the Court finds that Plaintiff fails to state a conspiracy claim.

### D.    Count 4: Negligence and Breach of Warranty of Habitability (Cal. Civil Code §§ 1941-1942; Cal. Health & Safety Code § 17920.3)

"[A] landlord has a statutory obligation under Civil Code § 1941 to keep a residential property in a condition fit for human occupation, and repair all subsequent dilapidations thereof." *Fairchild v. Park*, 90 Cal. App. 4th 919, 925 (2001). Cal. Health & Safety Code § 17920.3 identifies various conditions that would result in a building being declared substandard. Plaintiff alleges that Defendant breached the warranty of habitability by allowing noise harassment, having a malfunctioning door and unsecured entry points, and failing to address health and safety hazards

6

such as mold and broken and slippery flooring.  (Compl. ¶ 48.)

Defendant argues that to be actionable, the defect or code noncompliance must be substantial, which in turn is determined on a case by case basis.  (Def.'s Mot. to Dismiss at 10.) Defendant contends that there is insufficient specificity regarding where specifically the malfunctioning door, unsecured entry points, mold, and broken or slippery flooring were located and how long they existed, such that it is unclear if the defect is substantial.  (*Id.*)  Defendant further argues that she promptly responded to each concern.  (Def.'s Reply at 3.)

Defendants cite no authority that such information is required at the pleading stage, and such arguments go more to the merits of the claim rather than whether Plaintiff has adequately pled a claim.  Considering the allegations in the complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff has adequately pled a claim by identifying the alleged defects.  *See Martinez v. Welk Grp., Inc.*, No. 09 CV 2883 MMA (WMc), 2011 U.S. Dist. LEXIS 2564, at \*25 (S.D. Cal. Jan. 11, 2011) (finding adequate allegation for breach of the implied warranty of habitability where the plaintiffs alleged water leaks that led to mold, mildew, and fungus growth).

### E.    Count 5: Harassment (Cal. Civil Code § 1940.2)

California Civil Code § 1940.2 "makes it unlawful for a landlord to engage in certain conduct, such as theft, extortion, or the use of force, for the purpose of influencing a tenant to vacate a dwelling."  *Salisbury v. Hickman*, 974 F. Supp. 2d 1282, 1295 (E.D. Cal. 2013).  A "key element of this provision requires that the activity create 'an apprehension of harm to a reasonable person.'"  *Spurlock v. Carrington Mortg. Servs.*, No. 09CV2273-MMA (JMA), 2010 U.S. Dist. LEXIS 80221, at \*20 (S.D. Cal. Aug. 4, 2010) (quoting Cal. Civil Code § 1940.2)).  Plaintiff alleges that Defendant engaged in "verbal harassment, threats to terminate the tenancy, and interference with Plaintiff's quiet enjoyment of the property."  (Compl. ¶ 13.)

Plaintiff fails to adequately allege a harassment claim.  These are conclusory allegations, with no factual allegations regarding what Defendant actually said or did.  *See Bezi v. Camacho*, No. SACV 11-00677-MMM (DTB), 2015 U.S. Dist. LEXIS 92168, at \*40 (C.D. Cal. May 11, 2015) (dismissing § 1940.2 claim where the plaintiff made only conclusory allegations of harassment).  While Plaintiff cites to the WhatsApp chat between the parties, it is not the Court's

United States District Court
Northern District of California

responsibility to review the entirety of the chat to try to determine what Plaintiff believes constituted an actionable threat. It is also not apparent that these actions were sufficient to create "an apprehension of harm to a reasonable person." Cal. Civil Code § 1940.2; *see Spurlock*, 2010 U.S. Dist. LEXIS 80221, at *20 (finding that allegations that the defendants told the plaintiffs to leave or face legal action, made repeated visits where business cards were left, and posted a no trespassing sign were not the "sorts of activities contemplated by this statutory provision").

Thus, the Court finds that Plaintiff fails to state a harassment claim.

### F.    Count 6: Invasion of Privacy (Cal. Constitution, Art. I, § 1)

To establish a constitutional invasion of privacy claim, a plaintiff must demonstrate "three essential elements: (1) the claimant must possess a legally protected privacy interest; (2) the claimant's expectation of privacy must be objectively reasonable; and (3) the invasion of privacy complained of must be serious in both its nature and scope." *Cty. of L.A. v. L.A. Cty. Emp. Relations Com.*, 56 Cal. 4th 905, 926 (2013). Plaintiff's claim fails at the first element.

Here, Plaintiff asserts invasion of privacy based on allowing noise from another tenant. (Compl. ¶ 60.) As Defendant points out, this does not implicate a constitutional privacy right. Rather, "[l]egally recognized privacy interests are generally of two classes: (1) interests in precluding the dissemination or misuse of sensitive and confidential information ('informational privacy'); and (2) interests in making intimate personal decisions or conducting personal activities without observation, intrusion, or interference ('autonomy privacy')." *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 35 (1994). Plaintiff cites no authority that noise constitutes an invasion of either privacy right, and the Court has found none. As a practical matter, however, the alleged noise at issue did not result in the dissemination or misuse of Plaintiff's sensitive information, nor did it intrude in his personal freedom to make intimate personal decisions or conduct personal activities. Moreover, the alleged noise was not caused by Defendant, but by other tenants.

Thus, the Court finds that Plaintiff fails to state a constitutional invasion of privacy claim. Further, as Plaintiff cannot establish such a claim based on noise from a neighboring unit, the Court dismisses this claim with prejudice.

United States District Court
Northern District of California

United States District Court
Northern District of California

### G.    Count 7: Bane Act Violations (Cal. Civil Code § 52.1)

"The Bane Act civilly protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out by threats, intimidation, or coercion." *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018). Plaintiff alleges that Defendant engaged in coercion, intimidation, harassment, and unlawful conduct to interfere with Plaintiff's rights.  (Compl. ¶ 66.)

Defendant argues that Plaintiff has plead no facts demonstrating threats, intimidation, or coercion.  (Def.'s Opp'n at 13.)  In response, Plaintiff points to his allegations that Defendant engaged in verbal harassment, threats to terminate the tenancy, and interference with his quiet enjoyment of the property, as well as failing to immediately end the tenancy because Defendant was "going on vacation."  (Pl.'s Opp'n at 10 (citing Compl. ¶¶ 13, 20.)  This is not sufficient to meet the threats, intimidation, or coercion required by the Bane Act.  Indeed, the Bane Act itself provides that "[s]peech alone is not sufficient to support an action. . . except upon a showing that the speech itself threatens violence against a specific person or group of persons; and the person or group of persons against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them . . . ." Cal. Civil Code § 52.1(k).  Thus, courts have found that even verbal threats to arrest are insufficient to allege a Bane Act claim. *See Animal Prot. & Rescue League, Inc. v. Cty. of Riverside*, 111 Cal. App. 5th 914, 921 (2025).

Accordingly, the Court finds that Plaintiff fails to state a Bane Act claim.  Further, because Plaintiff relies solely on verbal threats (with no suggestion of violence) or the failure to end the lease more quickly, the Court dismisses this claim with prejudice.

### H.    Count 8: Misappropriation of Public Funds (Cal. Penal Code § 424, Cal. Gov. Code § 12650, Cal. Civil Code § 1709)

Plaintiff appears to bring a California False Claims Act based on his allegation that Defendant unlawfully obtained public funds through the Housing Choice Voucher Act, thus violating California Penal Code § 424 and California Civil Code § 1709.  (Compl. ¶¶ 72-73, 75.)

As an initial matter, it is not apparent that Plaintiff has properly brought a California False Claims Act claim.  The California False Claims Act "permits a governmental agency, or a qui tam

plaintiff bringing an action on behalf of the government agency, to recover civil penalties and damages from any person who, for example, knowingly presents to the state or one of its political subdivisions a false claim for payment or approval." *State of Cal. Ex rel. Hindin v. Hewlett-Packard Co.*, 153 Cal. App. 4th 307, 312-13 (2007). To bring a qui tam case, a plaintiff must comply with California Government Code § 12652, which requires that the complaint be sealed and a copy of the complaint served on the Attorney General, along with a written disclosure of material evidence and information in support of the plaintiff's contentions. *Id.* at 313. It does not appear Plaintiff has complied with these provisions.

Moreover, because Plaintiff is essentially alleging that Defendant engaged in fraud by making false certifications and misrepresentations of compliance with fair housing, habitability, and program requirements, Plaintiff is required to comply with Rule 9(b)'s particularity requirement. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). Rule 9(b) "demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (cleaned up). Thus, a plaintiff must allege "the who, what, when, where, and how of the misconduct charged." *Id.* (internal quotation omitted).

Here, Defendant correctly points out that Plaintiff fails to "identify a single false certification or misrepresentation allegedly made by Defendant." (Def.'s Mot. to Dismiss at 14.) Rather, Plaintiff only alleges that "Defendant made false representations to [Sonoma County Housing Authority] to obtain two separate incentive payments," specifically a landlord participation incentive and a low credit score incentive. (Compl. ¶ 14.) This is insufficient because Plaintiff fails to identify what was specifically stated, when and where the statement was made, and how it constituted false representations.

The Court finds that Plaintiff fails to state a claim for misappropriation of public funds.

## I.    Count 9: Intentional Infliction of Emotional Distress

To bring a claim for intentional infliction of emotional distress ("IIED"), a plaintiff must

United States District Court
Northern District of California

allege: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991). The conduct at issue "must be so extreme as to exceed all bounds of that usually tolerated in a civilized society." *Id.*

Defendant argues that Plaintiff has failed to allege extreme and outrageous conduct. (Def.'s Mot. to Dismiss at 15.) Plaintiff, in turn, points to his allegations that Defendant engaged in harassment, retaliation, and failure to accommodate his disability. (Compl. ¶¶ 18, 80.) Not only are these allegations conclusory and lacking in specific facts, but it is not apparent these actions could legally constitute extreme and outrageous conduct. *See Bagdasaryan v. City of L.A.*, No. 2:15-cv-01008-JLS (KES), 2018 U.S. Dist. LEXIS 224542, at *85 (C.D. Cal. Oct. 22, 2018) (dismissing IIED claim because threats of eviction and a "demeaning tone" were not outrageous); *Iula v. Voos*, No. 23-CV-2277 JLS (AHG), 2024 U.S. Dist. LEXIS 7868, at *14 (S.D. Cal. Jan. 16, 2024) (dismissing IIED because allegations of harassment were "unsupported by allegations of fact"); *Semar Ventures v. Mortgage*, No. SACV 20-02238-CJC (JDEx), 2021 U.S. Dist. LEXIS 163083, at *10 (C.D. Cal. Apr. 30, 2021) ("threatened eviction falls short of alleging IIED").

Thus, the Court finds that Plaintiff fails to state an IIED claim.

### J.    Count 10: Negligent Infliction of Emotional Distress

"[N]egligent infliction of emotional distress requires that a plaintiff show (1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a defendant who should have foreseen that the conduct would cause such distress." *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004). Unlike IIED, negligent infliction of emotional distress "is a form of the tort of negligence, to which the elements of duty, breach of duty, causation and damages apply." *Huggins v. Longs Drug Stores Cal., Inc.*, 6 Cal. 4th 124, 129 (1993). Here, Plaintiff alleges that Defendant owed a duty of care as a landlord, but breached it by allowing unabated noise harassment, unsafe conditions, invading privacy, and failing to remedy hazards. (Compl. ¶ 86.)

11

While Defendant does not dispute that a landlord owes a tenant a duty of reasonable care, Defendant argues that Plaintiff fails to allege facts showing any breach. (Def.'s Mot. to Dismiss at 16.) California courts, however, have found that a negligent infliction of emotional distress claim can be based on a breach of the warranty of habitability, as a landlord has "a duty of due care in the maintenance of the premises." *Stoiber v. Honeychuck*, 101 Cal. App. 3d 903, 924 (1980). As the Court has found that Plaintiff adequately pled a claim for breach of the warranty of habitability, the Court likewise finds that Plaintiff has adequately pled a negligent infliction of emotional distress claim.

### K.    Punitive and Exemplary Damages

"Under California law, recovery of punitive damages requires a showing by clear and convincing evidence that the defendant acted with oppression, fraud, or malice." *Force Mos Tech. Co., Ltd. v. Bo-In Lin*, No. 22-cv-08938-SVK, 2023 U.S. Dist. LEXIS 154696, at *21 (N.D. Cal. Aug. 31, 2023) (citing Cal. Civil Code § 3294(a).) Here, Plaintiff brings a standalone claim for punitive damages based on his allegation that "Defendant's conduct was fraudulent, malicious, oppressive, and intentional[.]" (Compl. ¶ 92.)

Defendant argues that Plaintiff fails to allege any facts that support his assertion that the conduct at issue rises to the level of oppression, fraud, or malice. (Def.'s Mot. to Dismiss at 16.) In opposition, Plaintiff simply states: "Punitive and exemplary damages must be awarded where malice/oppression/fraud alleged (conscious disregard of rights)." (Pl.'s Opp'n at 10.) This is insufficient. At the least, Plaintiff must plead facts that would support the underlying claim that gives rise to a punitive damages claim, such as fraud. *See Doe v. Uber Techs., Inc.*, 184 F. Supp. 3d 774, 790 (N.D. Cal. 2016) ("At the pleading stage, a plaintiff need not plead all of the elements of a claim for punitive damages but need only plead such facts as could plausibly support the underlying claim of fraud that will support a punitive damages award"). Here, it is entirely unclear which of Plaintiff's claims underlie his request for punitive damages.

Thus, the Court finds that Plaintiff fails to state a claim for punitive damages.

### L.    Fraud

Finally, Plaintiff brings a claim for fraud, which appears to be based on intentional

12

misrepresentation, concealment, or promissory fraud. Per California law, intentional misrepresentation or concealment "require[s] a showing of five elements: (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or scienter); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *DZ Rsrv. v. Meta Platforms, Inc.*, 96 F.4th 1223, 1233 (9th Cir. 2024). Additionally, because the claim concerns fraud, Plaintiff must comply with Rule 9(b)'s specificity requirements.

Plaintiff's fraud claim is based on Defendant executing certifications and making statements to the Sonoma County Housing Authority and Plaintiff asserting compliance in order to receive incentive funds and maintain tenancy appearances. (Compl. ¶ 98.) As discussed above with respect to Plaintiff's misappropriation claim, Plaintiff fails to satisfy Rule 9(b)'s requirements in identifying the false representations at issue.

Thus, the Court finds that Plaintiff fails to state a fraud claim.

### IV.   CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss. The Court dismisses the following claims with leave to amend: (1) disability discrimination, (2) retaliation and interference with housing rights, (3) conspiracy to interfere with civil rights, (4) harassment, (5) misappropriation of public funds, (6) intentional infliction of emotional distress, (7) punitive and exemplary damages, and (8) fraud. The Court dismisses the following claims without leave to amend: (1) invasion of privacy and (2) violation of the Bane Act. Finally, the following claims may proceed: (1) negligence and breach of warranty of habitability, and (2) negligent infliction of emotional distress.

Plaintiff may file an amended complaint within 30 days of the date of this order. The amended complaint must address the deficiencies identified in this order. **No new claims may be added.**

IT IS SO ORDERED.

Dated: May 11, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

13