United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN PELTIER,

Plaintiff,

v.

TANJA BECK,

Defendant.

Case No. 25-cv-10160-KAW

**ORDER GRANTING IN PART MOTION TO DISMISS; DECLINING SUPPLEMENTAL JURISDICTION; TERMINATING MOTION TO APPOINT COUNSEL AS MOOT**

Re: Dkt. No. 36, 42

Plaintiff Brian E. Peltier filed this case against Defendant Tanja Beck, alleging violations of fair housing protections and California tenant protections. (*See* First Amend. Compl. ("FAC"), Dkt. No. 34.) Pending before the Court is Defendant's motion to dismiss and Plaintiff's motion to appoint counsel. (Def.'s Mot. to Dismiss, Dkt. No. 36; Pl.'s Mot. to Appoint, Dkt. No. 42.)

The Court previously deemed this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). (Dkt. No. 40.) Having considered the parties' filings and the relevant legal authorities, the Court GRANTS IN PART Defendant's motion to dismiss and DISMISSES Plaintiff's federal claims with prejudice. The Court further declines to exercise supplemental jurisdiction over the remaining state claims, DISMISSES the state claims without prejudice to Plaintiff refiling them in state court, and TERMINATES Plaintiff's motion to appoint counsel as moot.

## I. BACKGROUND

Plaintiff is a disabled individual who received a housing voucher through the Sonoma County Housing Authority ("SCHA"). (FAC ¶ 2.) In November 2023, Plaintiff executed a residential lease with Defendant for the Subject Property. (FAC, Exh. A.) That same month, Plaintiff informed Defendant of his disability status and participation in the voucher program.

(FAC ¶¶ 3, 45.)

On December 1, 2023, Plaintiff moved into the premises. (FAC ¶ 5.) Shortly thereafter, Plaintiff began experiencing recurring disturbances associated with the upstairs tenant, including stomping, excessive noise, and interference with common areas. (FAC ¶¶ 5, 28.) Plaintiff also discovered mold and moisture conditions, bowed wall conditions associated with water intrusion, leaking plumbing, unsafe flooring and porch conditions, slippery and algae-covered walking surfaces, defective doors, deteriorated common areas, and unsafe stair conditions. (FAC ¶¶ 6, 29.)

Plaintiff alleges that he repeatedly complained to Defendant about the disturbances and unsafe conditions, requesting intervention and remediation. (FAC ¶¶ 7, 30-31.) Plaintiff further alleges that he informed Defendant that the disturbances caused by the upstairs tenant were materially affecting his occupancy, emotional stability, sleep, and disability-related functioning. (FAC ¶ 32.) Defendant, however, refused to intervene or remediate the conditions, stating on January 11, 2024 that she could not help. (FAC ¶¶ 8-11, 45.) Defendant further stated that she believed Plaintiff was "out to do me harm," and asked that Plaintiff "[p]lease never threaten me again with taking me to court." (FAC ¶¶ 13-14.)

On February 2, 2024, Plaintiff delivered a Notice of Intent to Vacate. (FAC ¶ 17.) Plaintiff asserts that the move-out was necessary because of the continuing disturbances and unsafe occupancy conditions, which in turn were affecting his disability-related functioning. (FAC ¶ 42.) Defendant agreed to Plaintiff's early termination, coordinating with the SCHA. (FAC ¶ 18.) On April 1, 2024, Plaintiff vacated the premises. (FAC ¶ 19, 44.)

On November 24, 2025, Plaintiff filed this case, bringing claims for: (1) disability discrimination; (2) retaliation, interference with housing rights, and constructive eviction; (3) conspiracy to interfere with civil rights; (4) negligence and breach of warranty of habitability; (5) harassment; (6) invasion of privacy; (7) violation of the Bane Act; (8) misappropriation of public funds; (9) intentional infliction of emotional distress; (10) negligent infliction of emotional distress; (11) punitive and exemplary damages; and (12) fraud. Plaintiff only asserted federal question jurisdiction in this case. (Compl. ¶ 7; Dkt. No. 1-1 (civil cover sheet indicating only federal question jurisdiction).)

Thereafter, Defendant filed a motion to dismiss. On May 11, 2026, the Court granted in part and denied in part Defendant's motion to dismiss. (Dismissal Order, Dkt. No. 32.) The Court dismissed the invasion of privacy and Bane Act claims with prejudice, and dismissed the disability discrimination, retaliation, conspiracy, harassment, misappropriation, intentional infliction of emotional distress, punitive and exemplary damages, and fraud claims without prejudice. (*Id.* at 13.) The Court permitted the negligence and breach of warranty of habitability and negligent infliction of emotional distress claims to proceed. (*Id.*) The Court gave Plaintiff leave to file an amended complaint within 30 days that had to "address the deficiencies identified in this order." (*Id.*)

On June 10, 2026, Plaintiff filed the operative complaint, bringing claims for: (1) disability discrimination; (2) retaliation and interference with housing rights; (3) conspiracy to interfere with civil rights; (4) negligence; (5) breach of the warranty of habitability; (6) harassment; (7) misappropriation; (8) intentional infliction of emotional distress; (9) negligent infliction of emotional distress; and (10) punitive and exemplary damages. Again, Plaintiff only asserted federal question jurisdiction, and otherwise sought supplemental jurisdiction over the related California law claims. (FAC ¶¶ 21-22.)

On July 1, 2026, Defendant filed a motion to dismiss. (Def.'s Mot. to Dismiss, Dkt. No. 36.) On July 13, 2026, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 38.) On July 22, 2026, Defendant filed a reply. (Def.'s Reply, Dkt. No. 39.)

On September 8, 2026, Plaintiff filed a motion to appoint counsel.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or

there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co*., 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

## III. DISCUSSION

### A. Claim 1: Disability Discrimination (42 U.S.C. § 3604(f))

Plaintiff brings a failure to accommodate claim under the federal Fair Housing Act ("FHA") and California's Fair Employment and Housing Act ("FEHA"). To bring a failure to accommodate claim, a "plaintiff must show: 1) the existence of a covered handicap; 2) the defendant's knowledge or constructive knowledge of that handicap; 3) that an accommodation may be necessary; 4) that the accommodation is reasonable; and 5) that the defendant refused to make the necessary and reasonable accommodation upon request." *Salisbury v. City of Santa Monica*, 998 F.3d 852, 858 (9th Cir. 2021).

In previously dismissing Plaintiff's failure to accommodate claim, the Court found that "Plaintiff's conclusory allegations that he has a covered disability and that Defendant knew of the disability are insufficient to give Defendant notice of the facts underlying his claim." (Dismissal Order at 4.) Specifically, the Court found that "Plaintiff fail[ed] to allege facts that identify his disability, as well as when or how Defendant was told of his disability." (*Id.*) The Court explained that these facts regarding Defendant's knowledge were necessary because "such facts affect whether Plaintiff's request for an accommodation, *i.e.*, noise mitigation or relocation due to the noise, was necessary or reasonable." (*Id.*)

In the amended complaint, Plaintiff now pleads that he told Defendant of his "disability status" in November 2023. (FAC ¶ 45.) Plaintiff, however, again fails to identify what that disability is, simply alleging that Defendant knew he "was disabled" and "received SSDI-related disability income." (*See* FAC ¶ 47.) This is still insufficient to allege a claim. *See Tukay v. United Cont'l Holdings, Inc.*, No. 14-CV-4343-JST, 2014 WL 7275310, at *4 (N.D. Cal. Dec. 22, 2014) (dismissing failure to accommodate claim for failure to identify the disability). Again, by failing to identify his disability, Plaintiff fails to allege facts demonstrating that his request for an accommodation was necessary or reasonable.

The Court thus finds that Plaintiff fails to state a federal disability discrimination claim.[1] Further, because Plaintiff has already been given an opportunity to identify his disability but failed to do so, the Court dismisses this claim with prejudice. This dismissal is limited to the federal disability discrimination claim; it does not resolve whether Plaintiff has pled a disability discrimination claim under California's Fair Employment and Housing Act ("FEHA").

**B. Claim 2: Retaliation and Interference with Housing Rights (42 U.S.C. § 3617)**

Per the FHA, a plaintiff must establish a retaliation claim by alleging: "(1) he engaged in a protected activity; (2) the defendant subjected him to an adverse action; and (3) a causal link exists between the protected activity and the adverse action." *Walker v. City of Lakewood*, 272 F.3d

[1] It is not clear if Plaintiff again brings a disparate treatment claim. In any case, a disparate treatment claim will likewise fail for failure to identify the disability, as well as a failure to allege facts connecting Defendant's conduct to Plaintiff's disability.

1114, 1128 (9th Cir. 2001). "In the context of a § 3617 claim, that adverse action must be in the form of 'coercion, intimidation, threats, or interference." *Id.* (quoting 42 U.S.C. § 3617).

The Court previously dismissed this claim based on Plaintiff's failure to allege any facts showing that Plaintiff's complaints to the SCHA were a protected activity. (Dismissal Order at 6.) Further, Plaintiff failed to allege any facts establishing that Defendant knew about the complaints to the SCHA, as Defendant's actions could not have been retaliatory if she did not know about the complaints. (*Id.*)

Here, Plaintiff appears to now allege that the protected activity are his complaints to Defendant herself, in which he complained about disturbances, unsafe conditions, habitability problems, occupancy interference, and voucher-related instability, as well as referenced legal remedies, court involvement, HUD-related concerns, and housing-rights enforcement. (FAC ¶¶ 55-56.) These allegations are conclusory and fail to establish that Plaintiff was exercising a right granted or protected by the FHA, *e.g.*, that his complaints were connected to his disability. Moreover, Plaintiff fails to allege an adverse action that constituted "coercion, intimidation, threats, or interference," as required by § 3617. *Walker*, 272 F.3d at 1128. Rather, Plaintiff only points to Defendant's statements: "I believe you are out to do me harm" and "Please never threaten me again with taking me to court." (FAC ¶ 59.) These statements by Defendants are not coercion, intimidation, threats, or interference as a matter of law.

The Court finds that Plaintiff has failed to state a retaliation claim pursuant to 42 U.S.C. § 3617. Further, because Plaintiff has failed to allege facts connecting his complaints with a right granted or protected by the FHA, as well as failed to identify an adverse action actionable under § 3617, the Court dismisses this claim with prejudice. Again, this dismissal is limited to the federal retaliation claim; it does not resolve whether Plaintiff has pled a retaliation claim under FEHA.

**C. Claim 3: Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985(3))**

To allege a § 1985(3) claim, a plaintiff must allege an "intent to deprive of *equal* protection, or *equal* privileges and immunities, meaning that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by

United States District Court
Northern District of California

the law to all." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

The Court previously found that this claim failed because Plaintiff failed to identify any alleged co-conspirators or facts about any alleged agreement to deprive Plaintiff of his rights. (Dismissal Order at 6.) Plaintiff again fails to do so here, simply alleging that he has certain categories of documents and lacks access to the SCHA's complete file. (FAC ¶¶ 62-63.) In his opposition, Plaintiff appears to acknowledge that he has failed to plead a claim. (Pl.'s Opp'n at 11 (noting that this claim "may require further factual development as discovery proceeds").)

The Court finds that Plaintiff has failed to state a conspiracy claim. Because Plaintiff has failed to identify any facts, including the alleged co-conspirators or the alleged agreement to deprive Plaintiff of his rights, the Court dismisses this claim with prejudice.

**D. Subject Matter Jurisdiction and Supplemental Jurisdiction**

As discussed above, each of Plaintiff's federal claims must be dismissed with prejudice. Thus, the Court no longer has federal question jurisdiction over the case.[2] Once "the district court has dismissed all claims over which it has original jurisdiction," the district court "may decline to exercise supplemental jurisdiction" over the remaining state law claims. 28 U.S.C. § 1367(c)(3). "When federal claims are eliminated at an early stage of litigation, the district court has 'a powerful reason to choose not to continue to exercise jurisdiction.'" *Dubinina v. Heinsohn*, No. 25-cv-10542-JST, 2026 U.S. Dist. LEXIS 136635, at *8 (N.D. Cal. June 18, 2026) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)). Because this case is still at the pleading stage, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS IN PART Defendant's motion to dismiss, and dismisses the following claims with prejudice: (1) the disability discrimination claim under 42 U.S.C. § 3604(f), (2) the retaliation claim under 42 U.S.C. § 3617, and (3) the conspiracy

[2] Plaintiff does not assert diversity jurisdiction, and in any case the Court is skeptical that Plaintiff would be able to establish that this case meets the jurisdictional limit of over $75,000 given that this case concerns approximately four months of a tenancy.

to interfere with civil rights claim under 42 U.S.C. § 1985(3). Having dismissed Plaintiff's federal claims with prejudice, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state claims. Those state claims are dismissed without prejudice, which means that Plaintiff may refile those claims in state court. As there is no remaining case in this court, the Court TERMINATES Plaintiff's motion to appoint counsel as moot.

Accordingly, the Court shall enter judgment and close the case.

IT IS SO ORDERED.

Dated: September 11, 2026

KANDIS A. WESTMORE
United States Magistrate Judge